IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMY NOTTINGHAM | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-01894 |
| | § | |
| OXY, INC. | § | |
| Defendant | § | JURY DEMANDED |

## PLAINTIFF'S MOTION IN LIMINE

Plaintiff, Amy Nottingham, moves in limine, prior to the voir dire examination and out of the presence and hearing of the jury panel, that the Court order all parties, attorneys, and witnesses not to refer, directly or indirectly, in any manner whatsoever, in the presence of the jury panel, or the jury finally selected to try this case, to any of the following matters without first approaching the Court out of the presence of the jury or jury panel, so that the Court may determine the admissibility or relevancy of such matters before they are injected into the case in the presence of the jury or jury panel.  The matters are set forth in the attached proposed Order.

Respectfully submitted,

CLINE | AHMAD

By:  /s/ Nasim Ahmad
Nasim Ahmad
State Bar No. 24014186
Delana G. Cline
State Bar. No. 24009960
21 Waterway, Suite 300
The Woodlands, Texas 77380
Telephone: (713) 254-3761
Facsimile: (281) 864-4379

OF COUNSEL:

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.

Joseph Y. Ahmad
State Bar No.  00941100
Federal I.D. No.  11604
3460 Houston Center
1221 McKinney Street
Houston, Texas  77010
Telephone:      (713) 655-1101
Telecopier:     (713) 655-0062

ATTORNEYS FOR PLAINTIFF
AMY NOTTINGHAM

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded by efile system to all counsel of record on this the 23rd day of January 2015, as follows:

Holly H. Williamson
Hunton & Williams LLP
700 Louisiana St., Suite 4200
Houston, Texas  77002

 /s/ Nasim Ahmad
Nasim Ahmad

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMY NOTTINGHAM | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-01894 |
| | § | |
| OXY, INC. | § | |
| Defendant | § | JURY DEMANDED |

**<u>ORDER ON PLAINTIFFS' MOTION IN LIMINE</u>**

After hearing the arguments of counsel, and reviewing the applicable authorities, the Court hereby orders that Defendant and its counsel are precluded from referring to, discussing, or eliciting testimony on any of the following issues, without first approaching the Court out of the presence of the jury, so that the Court may determine the admissibility of such matters before they are introduced into the case.

1.  Any mention during opening statement that "anybody can file a lawsuit" or that suggestion that the case has not been subject to a factual review.

                    GRANTED _____                    DENIED _____

2.  Any reference to the fact that the Plaintiff or her attorneys have had any communications with the Defendant, or its attorneys or representatives, concerning possible settlement of this case, including the contents of any such communications and responses thereto.  Such settlement negotiations are inadmissible for any purpose and are highly prejudicial.  FED. R. CIV. EVID. 408; *Mundy v. Household Finance Corp.,* 885 F.2d 542 (9th Cir. 1989); *McHann v. Firestone Tire & Rubber Co.,* 713 F.2d 161 (5th Cir. 1983) (finding settlement inadmissible and noting that jury probably drew improper inference from knowledge of settlement).

                    GRANTED _____                    DENIED _____

3.      Any reference to the date or circumstances under which the Plaintiff employed her attorneys.  *Southern Truck Leasing Corp. v. Manieri,* 325 S.W.2d 912 (Tex. Civ. App.--Houston 1959, *writ ref'd n.r.e.*).

                    GRANTED _____          DENIED _____

4.      Any mention, reference, or testimony that Plaintiff's attorneys are handling this case on a contingency fee basis.  The Fifth Circuit has held that a district court abuses its discretion in making an award of attorney's fees based on a contingency rate.  Rather, the calculation must be based on an hourly rate pursuant to the "lodestar" method for calculating attorney's fees.  *Hensley v. Eckerhart,* 103 S.Ct. 1933, 1939 (1983); *Todd v. AIG Life Insurance Co.,* 47 F.3d 1448, 1459 (5th Cir. 1995).

                    GRANTED _____          DENIED _____

5.      Any reference to the type or character of the legal practice of the attorneys for Plaintiff or any reference to the fact that Plaintiff's attorneys typically represent employees, individuals, or the like.  Any references should be limited to indicating that Plaintiff's attorneys represent Plaintiff in this case.  Any other such remarks would be extremely prejudicial, irrelevant, and would make it impossible for Plaintiff to receive a fair trial.  FED. R. EVID. 401, 403.

                    GRANTED _____          DENIED _____

6.      Any suggestion that any specific issues in this case are "Plaintiff'" issues or issues that will permit Plaintiff's recovery or "defensive" issues or issues that will defeat Plaintiff's recovery.  Any such argument or inference would have the effect of advising the jury or jury panel of the effect of its answers to special issues in violation of the law and would clearly prejudice the right of the Plaintiff to a fair trial.

                    GRANTED _____          DENIED _____

7.      Any requests by counsel for Defendant for any stipulations from counsel for Plaintiff or requests that Plaintiff produce any documents from her files.  Making such requests in the presence of the jury or jury panel is improper.  Such matters should be taken up before the Court out of the presence of the jury or jury panel. FED. R. EVID. 103(c).

                    GRANTED _____          DENIED _____

8.      That the Defendant and their counsel be instructed not to make demands or requests before the jury for matters found or contained in the Plaintiff's file which would include statements, pleadings, photographs and other documents, nor to mention, demand or request further or additional medical examinations, physical demonstrations or other requests during the course of the trial and in the presence of the jury.

               GRANTED _____          DENIED _____

9.      Any references or suggestions that the Plaintiff has engaged in extraneous specific instances of bad conduct.  Under the Federal Rules of Civil Evidence, testimony concerning extraneous bad acts is inadmissible unless such acts are probative of untruthfulness. FED. R. EVID. 608.

               GRANTED _____          DENIED _____

10.     Any references or suggestions that Plaintiff engaged in any misconduct which was not actually relied upon by the Defendant in its decision to terminate Plaintiff, write-up Plaintiff, or deny any position, promotion or raises to the Plaintiff.  Any such remarks would be extremely prejudicial, irrelevant, and would make it impossible for Plaintiff to receive a fair trial. FED. R. EVID. 401, 403.

               GRANTED _____          DENIED _____

11.     Any reference that Plaintiff previously asserted any other claims against Defendant or that Plaintiff dismissed any such claim.  Any such remarks would be extremely prejudicial, irrelevant, and would make it impossible for Plaintiff to receive a fair trial. FED. R. EVID. 401, 403.

               GRANTED _____          DENIED _____

12.     Any reference to what the Defendant or Defendant's representatives have been told by anyone with knowledge regarding any of the issues or circumstances involved in this case because such statements are hearsay and compromise Plaintiff's right to cross-examine any witnesses. FED. R. EVID. 802.

               GRANTED _____          DENIED _____

13.     Any reference to, or asking questions from, any documents which have not been received and admitted into evidence.

               GRANTED _____                    DENIED _____

14.    Any evidence or arguments of the effect of the case, verdict, or judgment on the Defendant, their finances, their ability to increase employment or retain employees, or the affect on current or future employees or business opportunities.

        GRANTED _____        DENIED _____

15.    Any reference to the fact that the jury's verdict is not the final, binding determination of liability or damages.  Any such remarks would be extremely prejudicial to Plaintiff and would make it impossible for Plaintiff to receive a fair trial.  FED. R. EVID. 403.

        GRANTED _____        DENIED _____

16.    Any mention of the Plaintiff's right to recover pre-judgment and post-judgment interest.

        GRANTED _____        DENIED _____

17.    Any mention that any recovery by the Plaintiff would or would not be subject to federal income taxation or any other form of taxation.

        GRANTED _____        DENIED _____

18.    Any mention that any recovery by Plaintiff is or is not subject to taxation.  It is improper to adduce evidence of or comment on the taxation or lack thereof on any award of damages.  Any such remarks would be extremely prejudicial, irrelevant, and would make it impossible for Plaintiffs to receive a fair trial.  FED. R. EVID. 401, 403.

        GRANTED _____        DENIED _____

19.    Any reference to the fact that the Plaintiff has filed a Motion in Limine requesting relief from the Court or that such relief has been granted by this Court.  Any reference to this Motion in Limine or any relief that might have been granted would be so prejudicial as to deprive the Plaintiff of a fair trial.

        GRANTED _____        DENIED _____

SIGNED on this the _____ day of _____, 2015.

_____
HONORABLE KENNETH M. HOYT
UNITED STATES DISTRICT COURT